# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                  Case Number   CR 08-98-041

JONATHAN SOTO

Defendant.

*RECEIVED AT 8:30 JUN -9 2009 WILLIAM T. WALSH, CLERK*

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JONATHAN SOTO, was represented by Jose Ongay, Esq.

The defendant was found guilty on count(s) 1-23 by a jury verdict on 2/26/09 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
| --- | --- | --- | --- |
| 18:1951(a) & 2 | Attempt to extort under color of official right. | 10/20/06 - 03/08/07 | 1-9, 20 |
| 18:1951(a) | Conspiracy to obstruct interstate commerce by extortion. | 09/06 - 070/1/07 | 10 |
| 18:666(a)(1)(B) | Acceptance and agreement to accept payments to influence and reward. | 10/20/07 - 03/08/07 | 11-19, 21 |
| 21:844(a) & 846 | Attempt to possess a controlled substance. | 03/22/07 - 04/11/07 | 22-23 |

As pronounced on 6/5/09, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $2,300, for count(s) 1-23, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 8th day of June, 2009.

*[signature]*

ANNE E. THOMPSON
Senior United States District Judge

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 5

Defendant:       JONATHAN SOTO
Case Number:   CR 08-98-041

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 75 Months, on each of Counts 1-21 and terms of 12 months on each of Counts 22 and 23, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons: The defendant to serve his sentence as near as possible to his home and that he receive drug treatment while incarcerated.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at 12:00 Noon 10 days from the date of receipt of the letter from the BOP.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment – Page 3 of 5

Defendant: JONATHAN SOTO
Case Number: CR 08-98-041

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. This term consists of terms of 3 years on each of Counts 1 through 21 and terms of 1 year on each of Counts 22 and 23, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

As a further special condition of supervised release, the defendant is to refrain from holding or seeking a position of municipal, county, state, or federal public office, elected or otherwise.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Defendant: JONATHAN SOTO
Case Number: CR 08-98-041

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____

Defendant                                                        Date

_____

U.S. Probation Officer/Designated Witness                        Date

Defendant: JONATHAN SOTO
Case Number: CR 08-98-041

## FINE

The defendant shall pay a fine of $5,250.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately.

This amount is the total of the fines imposed on individual counts, as follows: $250 on counts 1-21.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant:      JONATHAN SOTO
Case Number:    CR 08-98-041

## STATEMENT OF REASONS
### (NOT FOR PUBLIC DISCLOSURE)

The Court adopts the presentence investigation report without change.

No count of conviction carries a mandatory minimum sentence.

**Advisory Guideline Range Determined by the Court:**
Total Offense Level:            30
Criminal History Category       I
Imprisonment Range:             97 months to 121 months
Supervised Release Range:       2 to 3 years
Fine Range:                     $15,000 to $150,000

The fine is below the guideline range because of the defendant's inability to pay.

Restitution Not Applicable.

The court imposes a sentence outside the advisory sentencing guideline system. The sentence is below the advisory guideline range pursuant to a motion other than a plea agreement or motion by the parties based on the following reason for a sentence outside of the guideline system:

- the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk

Defendant's SSN: 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
Defendant's Date of Birth: 06/27/75
Defendant's address: 276 Pennington Avenue, 1st Floor, Passaic, NJ 07055